George R. Hirsch (GH 8284)
**BRESSLER, AMERY & ROSS**
A Professional Corporation
P.O. Box 1980
Morristown, New Jersey 07962
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200
Attorneys for Merrill Lynch Business Financial Services Inc.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>PITTRA G.B. INTERNATIONAL, INC.<br><br>Debtor. | Case No: 06-10889 (MS)<br><br>Chapter 7 |
| BENJAMIN A. STANZIALE, JR., CHAPTER 7 TRUSTEE FOR PITTRA G.B. INTERNATIONAL, INC.<br><br>Plaintiff,<br><br>vs.<br><br>ARTHUR KUPPERMAN, PAULETTE KRELMAN, E. ROSS BROWNE, SR., ESCROW AND CLOSING SERVICES, LTD., PGB INTERNATIONAL, LLC., AND WACHOVIA BANK, N.A.<br><br>Defendants. | Adv. Proceeding No:<br><br>**DECLARATION OF CATHERINE L. BRIICK** |

**CATHERINE L. BRIICK,** of full age, pursuant to 28 U.S.C. §1746, declares as follows:

1. I am a Vice President with the Special Handling unit at Merrill Lynch

Business Financial Services Inc. ("MLBFS").

2. In November of 2002, PITTRA G.B. International, Inc. (the "Debtor") entered into a WCMA Loan and Security Agreement with MLBFS. The WCMA was amended and extended on several occasions. A copy of the WCMA is annexed hereto as Exhibit "A." Pursuant to the WCMA, MLBFS provided an asset-based line of credit to the Debtor's business. Three individuals: Arthur Kupperman (the Debtor's President), E. Ross Browne (the Debtor's Vice President), and Paulette Krelman (the Debtor's Secretary and Treasurer) guaranteed the Debtor's obligations to MLBFS.

3. On May 28, 2004, an additional extension of credit was made available to the Debtor pursuant to a Term Loan and Security Agreement and Collateral Installment Note. Copies of the Term Loan and Security Agreement and Collateral Installment Note are annexed hereto as Exhibit "B" and "C" respectively.

4. As of the date of the Debtor's bankruptcy petition, the Debtor owed MLBFS a total of $4,187,250.43 consisting of $3,942,299.68 on the WCMA and $244,950.75 on the term loan. As indicated in the WCMA and Term Loan and Security Agreement, the indebtedness is secured by a broad lien on the Debtor's assets.

5. Based upon the records of MLBFS, it appears that MLBFS was unaware of any adverse financial event involving the Debtor until late July of 2006. Among other things, MLBFS had been receiving periodic term loan payments as well as financial statements and receivables agings.

6. Indeed, the Debtor provided an "audited" financial statement having a December 16, 2005 auditor's cover letter which represented that the Debtor had some

$3,000,000.00 assets in excess of liabilities. The audit letter expressed no exceptions and was not conditional. Copies of the letter and "audited" financial statements are annexed hereto as Exhibit "D."

7. MLBFS also received payments on the Term Loan during 2006 as well as receivables agings, including a June 30, 2006 aging showing more than $8,000,000.00 in eligible receivables. A copy of the June 30, 2006 aging is annexed hereto as Exhibit "E."

8. I understand that in late July, 2006, Mr. Kupperman, as President of the Debtor, requested that MLBFS renew the WCMA.

9. MLBFS' due diligence in connection with that request indicated that there had been a bankruptcy filing, which MLBFS had not received notice of. However, Mr. Kupperman represented to MLBFS that the company was still operating, and that the filing was a mistake which was being corrected. Throughout the month of August, he continued to advise that the filing was being corrected, and he assured MLBFS that the indebtedness would be paid off shortly.

10. Among other communications, on August 14, 2006, Mr. Kupperman sent an e-mail to MLBFS that confirmed that "everything will be resolved by the end of next week" and that there would be "a closing just after Labor Day, at which point MLBFS will be paid off in full." A copy of Mr. Kupperman's August 14, 2006 e-mail is annexed hereto as Exhibit "F."

11. On September 6, 2006, at Mr. Kupperman's request, MLBFS provided a payoff letter to the Debtor.

12. Under date of September 7, 2006, Mr. Kupperman provided to MLBFS a letter and payoff statement from "Escrow And Closing Services, Ltd." and an attached schedule of use of proceeds. The letter and payoff statement represented that $10,000,000.00 was being held at Wachovia Bank and said that "disbursements" would be made on September 11, 2006. Copies of the letter and payoff statement are annexed hereto as Exhibit "G."

13. MLBFS has not received payment.

14. On September 15, 2006, MLBFS received a subpoena from the Debtor's bankruptcy trustee.

15. On September 18, 2006, MLBFS telephoned the Debtor's "auditors" and was told by the receptionist that she could not locate the customer name "PITTRA" in the firm's database. She took my contact information, but no one has contacted me.

I hereby declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
Catherine L. Briick

Dated: September 20, 2006

4