Jonathan T.K. Cohen, Esq. (JC 6284)
Andrew E. Anselmi, Esq. (AA 1768)
**McCUSKER, ANSELMI, ROSEN,
CARVELLI & WALSH, P.A.**
127 Main Street
Chatham, New Jersey 07928
(973) 635-6300
Attorneys for Plaintiffs,
Yantai North Andre Juice, Co., Ltd. and
Yantai North Andre Juice, Inc.



### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YANTAI NORTH ANDRE JUICE CO., LTD. and YANTAI NORTH ANDRE JUICE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ARTHUR KUPPERMAN, PAULETTE KRELMAN, E. ROSS BROWNE, SR.; PGB INTERNATIONAL, f/k/a and/or a/k/a PITTRA G.B. INTERNATIONAL, f/k/a and/or a/k/a PITTRA-CAMERICAN f/k/a and/or a/k/a, PITTRA, INC., G.B INTERNATIONAL, XYZ CORPORATIONS 1-10, and JOHN DOES 1-10, <br><br> Defendants. | Civil Action No. <br><br> **COMPLAINT** |

Plaintiffs YANTAI NORTH ANDRE JUICE CO., LTD. and YANTAI NORTH ANDRE JUICE, INC., through their attorneys McCusker, Anselmi, Rosen, Carvelli & Walsh, P.A., by way of Complaint against defendants ARTHUR KUPPERMAN, PAULETTE KRELMAN, PGB INTERNATIONAL, f/k/a and or a/k/a PITTRA G.B. INTERNATIONAL, f/k/a and/or a/k/a PITTRA-CAMERICAN f/k/a and/or a/k/a, PITTRA, INC., G.B INTERNATIONAL, XYZ CORPORATIONS 1-10, and JOHN DOES 1-10, state as follows:

## PARTIES, JURISDICTION AND VENUE.

1. Yantai North Andre Juice Co., Ltd. is a corporation formed under the laws of China, with a principal place of business located at No. 188 Central Street, Muping Economic & Technical Development Zone, Yantai, China.

2. Yantai North Andre Juice, Inc. is a wholly owned subsidiary of Yantai North Andre Juice Co., Ltd., with its principal place of business located at 650 West Duarte Rd., #401, Arcadia California 91007. Yantai North Andre Juice, Inc. and Yantai North Andre Juice Co., Ltd. collectively shall be referred to as "Yantai."

3. Upon information and belief, Arthur Kupperman is a New Jersey resident, with an address at 200 Mount Horeb Road, Warren, New Jersey.

4. Upon information and belief, Arthur Kupperman has also used an address of 23 Hampshire Drive, Mendham, New Jersey 07945.

5. Upon information and belief, Paulette Krelman is a New Jersey resident, with an address at 23 Hampshire Drive, Mendham, New Jersey 07945.

6. Upon information and belief, defendants Arthur Kupperman and Paulette Krelman are husband and wife.

7. Upon information and belief, Ross Browne, Sr. is a New Jersey resident with an address at 27 Waterford Drive, Montville, New Jersey, 07045.

8. Upon information and belief, at all times relevant hereto, PGB International ("**PGB International**") has been a New Jersey corporation with its principal place of business located at 6 South Street, Morristown, New Jersey 07960, and was at all relevant times related to the other defendants through common principals, management operations and/or principals.

9. Upon information and belief, at all times relevant hereto, Pittra G.B. International, Inc. ("**Pittra-GB**") has been a New Jersey corporation with its principal place of business located at 123 Madison Avenue, Madison, New Jersey 07940, and was at all relevant times related to the other defendants through common principals, management operations and/or principals.

10. Upon information and belief, at all times relevant hereto, Pittra-Camerican ("**Pittra-Camerican**") has been a New Jersey corporation with its principal place of business located at 123 Madison Avenue, Madison, New Jersey 07940, and was at all relevant times related to the other defendants through common principals, management operations and/or ownership. Pittra-Camerican has also presented itself as having an address at 45 Eisenhower Drive, Paramus, New Jersey 07652.

11. Upon information and belief, at all relevant times hereto, Pittra, Inc. ("**Pittra**") has been a New Jersey corporation with its principle place of business located at 123 Madison Avenue, Madison, New Jersey and was at all relevant times related to the other defendants through common principals, management, operations and/or ownership.

12. Upon information and belief, at all times relevant hereto, the defendants identified in paragraphs 1 through 11, and/or their affiliates, successors and assigns, are now located at 6 South Street, Morristown, New Jersey.

13. Upon information and belief, at all times relevant hereto, GB International ("**GB**") has been a New Jersey corporation with a principal place of business located at 123 Madison Avenue, Madison, New Jersey.

14. Defendants XYZ Corporations 1-10 and John Does 1-10 inclusive are fictitious names of defendants, which include but are not limited to other names,

predecessors-in-interest, successors-in-interest, heirs, affiliates, otherwise related partners or individual representatives of the above named defendants, other companies, entities, organizations and individuals, as well as their other names, predecessors-in-interest, successors-in-interest, heirs, affiliates, otherwise related partners or individual representatives, whose identities are presently unknown to Yantai, and who may be responsible for Yantai's losses.

15. At times relevant to this complaint, plaintiff Yantai has had substantial business contacts with the defendants in New Jersey.

16. This Court has subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §1332 inasmuch as the plaintiff and the defendants are citizens of different states and the amount in controversy in this matter, exclusive of interest and costs, exceeds $75,000.00.

17. Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2) and (3) inasmuch as a substantial portion of the events at issue took place in this District and defendants are subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

18. Yantai repeats and makes a part hereof all of the allegations contained above, as if more fully set forth herein.

19. Yantai is a corporation that has been in business since 1997, primarily engaged in the business of growing, harvesting, and juicing apples in connection with the sale of apple juice concentrate (the "product" or "Yantai's product").

20. Upon information and belief PGB, GB, Pittra, Pittra-Camerican, and Pittra GB were at all relevant times hereto, corporations or entities primarily engaged in

the business of importing food and beverage products and ingredients, including, the product.

21. Upon information and belief, Pittra-Camerican is a combination of two entities, Pittra and Camerican, formed in or around the last quarter of 1999.

22. Upon information and belief, in or around October 2001, Pittra and/or Pittra-Camerican merged with its former competitor, G.B. International, Inc. to form an entity known as Pittra G.B. International, Inc.

23. After Pittra-GB was formed, it continued to purchase Yantai product. A Dun and Bradstreet "Business Background Report" states that Pittra G.B. International, Inc. was formed from a merger of Pittra, Inc. and G.B. International, Inc.

**The October 2002 Complaint**

24. On or about October 1, 2002, plaintiff Yantai filed a Complaint in the United States District Court for the District of New Jersey under docket number 02-4767 (JWB), against Camerican International, Inc., Pittra, Inc., Pittra-Camerican, Pittra G.B. International, Inc., and Atalanta Corporation (Collectively, the "2002 defendants").

25. Yantai's 2002 Complaint alleged that Yantai had sent several shipments of product to the 2002 defendants for which it went unpaid. The 2002 Complaint also alleged that by letter dated July 9, 2002, Arthur Kupperman, purportedly as President of Pittra, G.B. acknowledged the outstanding debt owed to Yantai, promising full payment of all claims made in the 2002 Complaint, totaling $1,453,391.00 (the "2002 Claims").

26. The 2002 Complaint alleged that each of the 2002 defendants were interrelated based on common management of an intermingling of activities and funds, and common management of common enterprises.

27. In the 2002 Complaint, Yantai also asserted that, based on the foregoing course of dealing and/or representations upon which Yantai relied each of the 2002 defendants were sufficiently common enterprises and/or alter egos for purposes of Yantai's claims, making each of the defendants jointly and severally liable.

28. On or about November 4, 2002, Yantai was granted judgment against 2002 defendants, Camerican International, Inc., Pittra, Inc., Pittra-Camerican, And Pittra G.B. International, Inc., Atalanta Corporation, Atalanta Corp. jointly and severally (the "Judgment Debtors") in the amount of one million, one hundred sixty-nine thousand, nine hundred fifty-four dollars ($1,169,954.).

29. On or about December 12, 2002, the District Court for the District of New Jersey entered a Writ of Execution against said Judgment Debtors.

30. On or about December 18, 2002, Yantai registered its 2002 Judgment with the United States District Court for the District of New Jersey.

31. On or about December 19 through 20, 2002, the United States Marshal Service, on behalf of Yantai levied certain funds on deposit with various banks in the name of the Judgment Debtors.

32. On or about December 23, 2002, the Court vacated the Writ of Execution and Default Judgment as against Camerican International, Inc., Atalanta Corporation, and Atalanta Corp., but allowed Yantai to seek its costs and fees associated with the prosecution thereof.

33. On or about January 3, 2003, Yantai entered into a Settlement Agreement and Stipulation of Dismissal with Camerican and Atalanta.

34. In connection with the 2002 Complaint, Yantai agreed to three (3) forbearance agreements based on payments of the 2002 claims being made pursuant to a payment schedule.

35. Despite execution of the forbearance agreements, the parties obligated under those forbearance agreements have failed and refused to satisfy all obligations required under the payment schedule.

36. On or about April 6, 2004, Yantai served a Notice to take Oral Deposition with annexed Document Demands upon Pittra G.B International.

37. Although some payments have been produced, there remains an outstanding debt due Yantai in the amount of $ 600,000.

**Transfer of Assets from Pittra G.B. International to PGB International**

38. Upon information and belief, in or about early 2003 Pittra G.B., and/or PGB secured substantial financing from Mitsui Corporation.

39. The financing from Mitsui went to one or more of the defendant corporations, which never utilized the monies to pay Yantai.

40. On or about June 5, 2003, by way of Unanimous Written Consent of the Members in Lieu of Meeting, PGB International agreed to enter into an asset purchase agreement with Pittra G.B.

41. On behalf of PGB International, Arthur Kupperman, Paulette Krelman, and E. Ross Browne each executed the corporate resolution.

42. The corporate resolution authorized Paulette Krelman to execute any and all documents on behalf of PGB International.

43. On or about June 5, 2003, Pittra G.B.'s Board of Directors executed a Consent of Board of Directors to Sale, executed by Paulette Krelman and Arthur Kupperman. It authorized Arthur Kupperman to execute the Asset Purchase Agreement on behalf of Pittra G.B. and to execute all other related documents

44. The shareholders of Pittra G.B. who executed a Consent of Shareholders to Sale were Paulette Krelman and E. Ross Browne.

45. On or about June 5, 2003, Pittra G.B. and PGB International entered into an Asset Purchase Agreement. ("Asset Purchase Agreement"). The Asset Purchase Agreement is executed on behalf of PGB International by Paulette Krelman, and on behalf of Pittra G.B. by her husband Arthur Kupperman.

46. The Asset Purchase Agreement provides that Pittra GB would sell and PGB International would purchase various business assets including all intangibles, customer contracts and agreements, all furniture and equipment, and operating leases.

47. The Asset Purchase Agreement provides that PGB International would not assume any liabilities or obligations of Pittra GB whatsoever, other than those specifically associated with the customer contracts purchased by PGB International and that arose after the closing date of the transaction.

48. The Asset Purchase Agreement provided that the purchase price of various business assets was $310,000, payable by a $10,000 payment at closing, and the balance according to an annexed promissory note.

49. In accordance with the terms of the Asset Purchase Agreement, on or about June 5, 2003, PGB International executed a Promissory Note it agreed to pay $75,000 within ten (10) days of the closing date and the balance within thirty (30) days thereof. The Promissory Note was executed by Paulette Krelman on behalf of PGB International.

50. On or about June 5, 2003, Arthur Kupperman executed a Certification pursuant to Paragraph 10(c) of the Asset Purchase Agreement indicating that all of the representations and warranties made on behalf of Pittra G.B. were true and accurate. On that same date, he also executed a Bill of Sale ("Bill of Sale") for the assets purchased.

51. This Bill of Sale states that Merrill Lynch Financial Services held a lien on "virtually all of [Pittra GB's] assets other than machinery, equipment and general intangibles. [Pittra GB] represents that as of June 2, 2003, there is due and owing by [Pittra GB] to Merrill the sum of approximately $2,200,000.00, secured by this blanket lien."

52. On or about June 5, 2003, Pittra G.B. and PGB International also entered into an Assignment of Personal Property Leases. ("Assignment of Personal Property Leases"). The Assignment of Personal Property Leases was executed on behalf of PGB International by Paulette Krelman, and on behalf of Pittra G.B. by her husband Arthur Kupperman.

53. As of this date, PGB International continues to operate under Pittra GB's website, www.pittra.com.

54. To date, the existence, relationship, operations and interaction between and among Pittra, Inc., Pittra-Camerican, GB, Pittra G.B, and PGB International has

appeared interchangeable. At various times, Yantai has sold Yantai's product and dealt with Kupperman as the principal representative of Pittra, Pittra-Camerican, Pittra-G.B, and PGB International.

55. Upon information and belief, PGB International now carries on the same business as Pittra GB, and operates to serve Pittra GB's former customers.

56. Upon information and belief, customers of PGB International continue to list Pittra GB as the purchasing party.

57. Upon information and belief, PGB International uses the same address as Pittra GB has used, 6 South Street, Morristown, New Jersey.

58. Upon information and belief, at all times relevant hereto, Browne, Kupperman, Krelman have been the officers, directors and/or shareholders of Pittra GB and PGB International.

## FIRST COUNT
### (Fraudulent Transfer Act)

59. Yantai incorporates by reference all of the allegations set forth in the above paragraphs as if fully set forth at length herein/hereto.

60. At relevant times, defendant Pittra G.B. International, has been a "Debtor" to Yantai within the meaning of the Uniform Fraudulent Transfer Act, (the "NJFTA', N.J.S.A. 25:2-20, et seq. as adopted in New Jersey). At relevant times, hereto, Yantai has been a "creditor" of Pittra GB within the meaning of the UFTA.

61. After owing monies owed to Yantai, Pittra GB, by and through Arthur Kupperman, Paulette Krelman, and E. Ross Browne, as its owners, officers, directors, and/or shareholders, transferred its interest in substantially all of its assets to PGB International.

62. The various actions of the defendants, including all of the alleged transfers, have occurred with the intent to hinder, delay, and prevent payment by Pittra GB for obligations owed to Yantai and in violation of N.J.S.A. 25:2-25, and 27.

63. Upon information and belief, the foregoing transfers were also fraudulent under N.J.S.A. 25:2-27 because Pittra GB was "insolvent" within the meaning of N.J.S.A. 25:2-23 at the time the transfer was made, in light of Pittra GB's then-existing debts to Yantai and other creditors.

64. The foregoing actions, in violation of the N.J.F.T.A., have caused substantial damage to Plaintiffs.

WHEREFORE, plaintiff Yantai demands judgment against defendants Arthur Kupperman, Paulette Krelman, E. Ross Browne, Sr.; PGB International, Pittra G.B. International, Pittra-Camerican, Pittra, Inc., and G.B International, jointly and severally as follows:

   a. Entering judgment for the value of all assets transferred from Pittra GB to or for the benefit of PGB International, and the proceeds thereof (or the amount of Yantai's claim, whichever is less) pursuant to N.J.S.A. 25:2-30(b);

   b. Pre-judgment attachment of all assets held by all defendants of a value sufficient to secure payment of all amounts due Yantai in accordance with N.J.S.A. 25:2-29(a)(2);

   c. The granting of an injunction against further disposition of any assets from, or by and between, any of the defendants with respect to any asset they are holding or of other property pursuant to N.J.S.A. 25:2-29(a)(3)(a);

   d. Appointment of a receiver to take charge of all assets fraudulently transferred and of other property of the defendants, pursuant to N.J.S.A. 25:2-29(a)(3)(b);

e. Avoidance of all transfers made and obligations incurred, pursuant to N.J.S.A. 25:2-29(a)(1), to the extent necessary to satisfy Yantai's claim;

f. Piercing of the corporate veils of defendants PGB International, Pittra G.B. International, Pittra-Camerican, Pittra, Inc., G.B International, and reverse-piercing of the corporate veils of Pittra GB International and PBG International to reach the assets or proceeds Arthur Kupperman, Paulette Krelman, and E. Ross Browne invested in Pittra GB International and/or PGB International, as well as the assets of Pittra GB International and/or PGB International that have been transferred to others;

g. The placing of a constructive trust and/or an equitable lien on and against all assets owned by any of the defendants for the purpose of recovering any claims held by Yantai against any assets fraudulently transferred;

h. Punitive damages against all defendants;

i. Recovery of all attorney fees incurred by Yantai in prosecuting this litigation;

j. Pre-judgment and post-judgment interest; and

k. Such other and further relief as the Court may deem just and proper, including costs and attorney's fees.

## SECOND COUNT
### (Fraud and Creditor Fraud)

65. Yantai incorporates by reference all of the allegations set forth in the above paragraphs as if more fully set forth at length herein.

66. The above acts by the defendants, whereby Pittra GB by and through its principals, owners, directors, officers and/or shareholders has transferred assets to PGB International, continued to own and/or exercise control over PGB International, and shielded its own assets by redistributing or diverting them to PGB International, constitutes fraudulent conduct, including creditor fraud, against Yantai.

67. The foregoing fraudulent conduct of the defendants has included, without limitation, Pittra GB's transfer of assets to PGB International in June 2003, gratuitous operation of PGB International by the same owners, directors, officers and/or shareholders of Pittra GB, while distributing substantial monies to PGB International, for the sole purpose of defrauding Pittra GB's creditors, designed to hinder, and delay Yantai in its legitimate efforts to collect monies due and owing.

68. Upon information and belief, Pittra GB and PGB International have become the alter-egos of each other, and the individual defendants herein, in order to conceal assets that would otherwise be available to Yantai as a creditor of Pittra GB, interposed to defeat justice, and to use the corporate form as an instrument to perpetuate and aggravate fraud, injustice or otherwise circumvent the law.

69. Upon information and belief, in order to remedy the foregoing fraud, and to satisfy Pittra GB's obligations to Yantai, Yantai is entitled to pierce the corporate veil in order to reach the assets and proceeds of all individual defendants, and to reverse pierce the corporate veil in order to reach the assets and proceeds of all corporate defendants, including PGB International.

70. The fraudulent conduct by defendants has proximately caused Yantai damages, including increased litigation and litigation expenses incurred in bringing these claims, and for the use, enjoyment and benefit of retaining the amount due to Yantai, for which Yantai is entitled to recover.

71. Defendants' fraud has been accompanied by actual malice and/or a wanton and willful disregard of Yantai's rights, with understanding that the acts could harm Yantai, thus making the defendants liable for punitive damages.

72. The fraudulent conduct alleged herein is actionable under New Jersey's common law.

73. The foregoing actions of the defendants have caused substantial damages to plaintiffs.

WHEREFORE, plaintiff Yantai demands judgment against defendants Arthur Kupperman, Paulette Krelman, E. Ross Browne, Sr.; PGB International, Pittra G.B. International, Pittra-Camerican, Pittra, Inc., and G.B International, jointly and severally as follows:

a. Entering judgment for the value of all assets transferred from Pittra GB to or for the benefit of PGB International, and the proceeds thereof (or the amount of Yantai's claim, whichever is less) pursuant to N.J.S.A. 25:2-30(b);

b. Pre-judgment attachment of all assets held by all defendants of a value sufficient to secure payment of all amounts due Yantai in accordance with N.J.S.A. 25:2-29(a)(2);

c. The granting of an injunction against further disposition of any assets from, or by and between, any of the defendants with respect to any asset they are holding or of other property pursuant to N.J.S.A. 25:2-29(a)(3)(a);

d. Appointment of a receiver to take charge of all assets fraudulently transferred and of other property of the defendants, pursuant to N.J.S.A. 25:2-29(a)(3)(b);

e. Avoidance of all transfers made and obligations incurred, pursuant to N.J.S.A. 25:2-29(a)(1), to the extent necessary to satisfy Yantai's claim;

f. Piercing of the corporate veils of defendants PGB International, Pittra G.B. International, Pittra-Camerican, Pittra, Inc., G.B International, and reverse-piercing of the corporate veils of Pittra GB International and PGB International to reach the assets or proceeds Arthur Kupperman, Paulette Krelman, and E. Ross Browne invested in Pittra GB International and/or PGB International, as well as

    the assets of Pittra GB International and/or PGB International that have been transferred to others;

g. The placing of a constructive trust and/or an equitable lien on and against all assets owned by any of the defendants for the purpose of recovering any claims held by Yantai against any assets fraudulently transferred;

h. Punitive damages against all defendants;

i. Recovery of all attorney fees incurred by Yantai in prosecuting this litigation;

j. Pre-judgment and post-judgment interest; and

k. Such other and further relief as the Court may deem just and proper, including costs and attorney's fees.

## THIRD COUNT
### (Civil Conspiracy)

74. Yantai incorporates by reference all of the allegations set forth in the above paragraphs as if more fully set forth at length herein.

75. The defendants are a combination of two or more persons who entered into a real agreement or confederation with a common design to commit a fraud or creditor fraud, for an unlawful purpose, making every member of the conspiracy equally and vicariously liable to Yantai for the damages proximately caused by a tortuous act of one or more of the conspirators in furtherance of the conspiracy.

76. Upon information and belief, defendants' conspiracy to commit fraud was actuated by actual malice or accompanied by a wanton and willful disregard of person who foreseeably might be harmed by those acts or omissions, Yantai, making them also liable for punitive damages.

77. The foregoing actions of the defendants have caused substantial damages to the plaintiffs.

WHEREFORE, plaintiff Yantai demands judgment against defendants Arthur Kupperman, Paulette Krelman, E. Ross Browne, Sr.; PGB International, Pittra G.B. International, Pittra-Camerican, Pittra, Inc., and G.B International, jointly and severally as follows:

    a. Entering judgment for the value of all assets transferred from Pittra GB to or for the benefit of PGB International, and the proceeds thereof (or the amount of Yantai's claim, whichever is less) pursuant to N.J.S.A. 25:2-30(b);

    b. Pre-judgment attachment of all assets held by all defendants of a value sufficient to secure payment of all amounts due Yantai in accordance with N.J.S.A. 25:2-29(a)(2);

    c. The granting of an injunction against further disposition of any assets from, or by and between, any of the defendants with respect to any asset they are holding or of other property pursuant to N.J.S.A. 25:2-29(a)(3)(a);

    d. Appointment of a receiver to take charge of all assets fraudulently transferred and of other property of the defendants, pursuant to N.J.S.A. 25:2-29(a)(3)(b);

    e. Avoidance of all transfers made and obligations incurred, pursuant to N.J.S.A. 25:2-29(a)(1), to the extent necessary to satisfy Yantai's claim;

    f. Piercing of the corporate veils of defendants PGB International, Pittra G.B. International, Pittra-Camerican, Pittra, Inc., G.B International, and reverse-piercing of the corporate veils of Pittra GB International and PGB International to reach the assets or proceeds Arthur Kupperman, Paulette Krelman, and E. Ross Browne invested in Pittra GB International and/or PGB International, as well as the assets of Pittra GB International and/or PGB International that have been transferred to others;

    g. The placing of a constructive trust and/or an equitable lien on and against all assets owned by any of the defendants for the purpose of recovering any claims held by Yantai against any assets fraudulently transferred;

    h. Punitive damages against all defendants;

i. Recovery of all attorney fees incurred by Yantai in prosecuting this litigation;

j. Pre-judgment and post-judgment interest; and

k. Such other and further relief as the Court may deem just and proper, including costs and attorney's fees.

## FOURTH COUNT
### (Damages from Fraudulent and Bad Faith Defense of Litigation)

78. Yantai incorporates by reference all of the allegations set forth in the above paragraphs as if more fully set forth at length herein.

79. The foregoing conduct by defendants, including the failure to disclose to Yantai substantial foreign financing, the failure to utilize those funds to make payment to Yantai, defendants' fraudulent transfer of assets to a new corporation, and other acts and misrepresentations, constitute a bad faith defense of litigation, in order to prevent the defendants from being liable under Yantai's judgment.

80. Yantai has relied on the defendants' bad faith conduct, incurring excessive and additional time and expense in prosecuting the previous litigation, and the instant matter. This substantial expense could have been avoided by truthful actions and proper conduct.

81. The above stated bad-faith behavior on the part of defendants has prevented the proper and fair prosecution of the previous litigation, and has caused years of delay and additional expense, including legal fees and costs incurred by Yantai.

82. Accordingly, defendants should be liable to Yantai for all post-judgment costs of the former litigation and the institution of the within action, including

all attorneys' fees, investigation fees, accounting fees, and all other costs and expenses expended in connection with this matter.

83. Defendants should also be liable for punitive damages because the defendants undertook the materially alleged actions in bad faith and with fraudulent and malicious intent.

WHEREFORE, plaintiff Yantai demands judgment against defendants Arthur Kupperman, Paulette Krelman, E. Ross Browne, Sr.; PGB International, Pittra G.B. International, Pittra-Camerican, Pittra, Inc., and G.B International, jointly and severally as follows:

    a. Entering judgment for the value of all assets transferred from Pittra GB to or for the benefit of PGB International, and the proceeds thereof (or the amount of Yantai's claim, whichever is less) pursuant to N.J.S.A. 25:2-30(b);

    b. Pre-judgment attachment of all assets held by all defendants of a value sufficient to secure payment of all amounts due Yantai in accordance with N.J.S.A. 25:2-29(a)(2);

    c. The granting of an injunction against further disposition of any assets from, or by and between, any of the defendants with respect to any asset they are holding or of other property pursuant to N.J.S.A. 25:2-29(a)(3)(a);

    d. Appointment of a receiver to take charge of all assets fraudulently transferred and of other property of the defendants, pursuant to N.J.S.A. 25:2-29(a)(3)(b);

    e. Avoidance of all transfers made and obligations incurred, pursuant to N.J.S.A. 25:2-29(a)(1), to the extent necessary to satisfy Yantai's claim;

    f. Piercing of the corporate veils of defendants PGB International, Pittra G.B. International, Pittra-Camerican, Pittra, Inc., G.B International, and reverse-piercing of the corporate veils of Pittra GB International and PGB International to reach the assets or proceeds Arthur Kupperman, Paulette Krelman, and E. Ross Browne invested

in Pittra GB International and/or PGB International, as well as the assets of Pittra GB International and/or PGB International that have been transferred to others;

g. The placing of a constructive trust and/or an equitable lien on and against all assets owned by any of the defendants for the purpose of recovering any claims held by Yantai against any assets fraudulently transferred;

h. Punitive damages against all defendants;

i. Recovery of all attorney fees incurred by Yantai in prosecuting this litigation;

j. Pre-judgment and post-judgment interest; and

k. Such other and further relief as the Court may deem just and proper, including costs and attorney's fees.

                McCUSKER, ANSELMI, ROSEN,
                CARVELLI & WALSH, P.A.
                127 Main Street
                Chatham, New Jersey 07928
                (973) 635-6300
                Attorneys for Plaintiffs,
                Yantai North Andre Juice, Co., Ltd. and
                Yantai North Andre Juice, Inc.

Dated: February 16, 2005      By: _____
                                        JONATHAN T.K. COHEN

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify that the matter in controversy is not the subject of any other action pending in any other court or of any pending arbitration or administrative proceeding, except for a matter pending in the United States District Court for the District of New Jersey, captioned <u>Yantai, et al. v. Camerican International, Inc., et al.</u>, under civil action number 2:02cv 047673.

                                            McCUSKER, ANSELMI, ROSEN,
                                            CARVELLI & WALSH, P.A.
                                            127 Main Street
                                            Chatham, New Jersey 07928
                                            (973) 635-6300
                                            Attorneys for Plaintiffs,
                                            Yantai North Andre Juice, Co., Ltd. and
                                            Yantai North Andre Juice, Inc.

Dated: February 16, 2005          By: _____
                                                JONATHAN T.K. COHEN