# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In the matter of:** | **Case No.**  06-10889 (MS) |
| PITTRA G.B. International, Inc. **(Debtor)** | |
| Benjamin A. Stanziale, Jr., Chapter 7 Trustee for PITTRA G.B. International, Inc. **(Plaintiff)** | **Adversary No.** |
| v. | |
| Merrill Lynch Business Financial Services, Inc. **(Defendant)** | |

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

| Address of Clerk | M.L. King, Jr. Federal Building & Courthouse, 3rd Floor, 50 Walnut Street Newark, NJ 07102 |
|---|---|

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney |
|---|
| James A. Scarpone, Esq., Robertson Freilich Bruno & Cohen, One Riverfront Plaza, 9th Fl., Newark, NJ 07102 |

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| Address | M.L. King, Jr., Federal Building & Courthouse 50 Walnut Street Newark, NJ 07102 | Room | |
|---|---|---|---|
| | | Date and Time | |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

JAMES J. WALDRON

Clerk of the Bankruptcy Court

February 6, 2008                                        By: _____

Date                                                                      Deputy Clerk

**MEDIATION OF ALL DISPUTES IS ENCOURAGED AND IS AVAILABLE PURSUANT TO D.N.J. LBR 9019-2. THE PRACTITIONER'S GUIDE TO THE MEDIATION PROCESS IS AVAILABLE IN THE BANKRUPTCY COURT CLERK'S OFFICE AND IN EACH COURTROOM. THE GUIDE CONTAINS AN OVERVIEW OF THE MEDIATION PROCESS, SAMPLE FORMS, THE REGISTER OF MEDIATORS AND APPLICABLE LOCAL RULES.**

ROBERTSON FREILICH BRUNO & COHEN, LLC
By: James A. Scarpone, Esq.
One Riverfront Plaza, 9th Floor
Newark, New Jersey   07102
(973) 848-2100
Co-Counsel for Benjamin A. Stanziale, Jr., Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ----------------------------------------------------x |  |
| In re: : | Case No. 06-10889 MS |
| PITTRA G.B. INTERNATIONAL, : | Hon. Morris Stern |
| Debtor. : |  |
| ----------------------------------------------------x | Chapter 7 Proceeding |
| BENJAMIN A. STANZIALE, JR., :<br>Chapter 7 Trustee for PITTRA<br>G.B. International, Inc., : | Adversary No. |
| Plaintiff, : |  |
| v. : |  |
| MERRILL LYNCH BUSINESS<br>FINANCIAL SERVICES, INC., : |  |
| Defendant. : |  |
| ----------------------------------------------------x |  |

### COMPLAINT TO AVOID TRANSFERS OF PROPERTY PURSUANT
### TO 11 U.S.C. §§ 547 AND 550 AND SEEKING OTHER RELIEF

Plaintiff, Benjamin A. Stanziale, Jr., Chapter 7 Trustee for Pittra G.B. International, Inc. (referred to hereafter as the "Trustee"), by and through his counsel, Robertson, Freilich, Bruno & Cohen, LLC, by way of Complaint against the defendant, says:

{00064370.DOC;1}

## JURISDICTION AND VENUE

1. On February 9, 2006, the Debtor filed a Petition for Relief under Chapter 7 of the Bankruptcy Code.

2. This is an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure, 7001 et seq., and Section 547 of Title 11, United States Code (the "Bankruptcy Code").

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

4. This is a "core" proceeding, pursuant to 28 U.S.C. § 157(b)(2)(A) and (F).

5. Venue is proper in this Court under 28 U.S.C. § 1409(a).

## CLAIM

### (11 U.S.C. 547)

6. On or about December 19, 2005, a wire in the amount of $300,000 was received in the Budd Larner Attorney Trust Account ("Budd Larner Trust Account) from Ybbstaler which reflected the settlement amount collected by the Debtor in its arbitration with Ybbstaler. On or about December 28, 2005, $100,000.00 of this amount was distributed by check to Budd Larner.

7. Also, on or about December 28, 2005, $100,000 was wired out of the Budd Larner trust account to an account maintained by Defendant Merrill Lynch Business Financial Services ("MLBFS") at Mellon Bank for credit against past due loan obligations of the Debtor.

8. On or about January 17, 2006, another $100,000 was wired from the Budd Larner trust account to the MLBFS account at Mellon Bank for further credit against the Debtor's obligations to MLBFS.

9. On or about January 20, 2006, the International Chamber of Commerce, the entity that provided the arbitration services for the Debtor's claims against Ybbstaler, deposited $102,425 in Budd Larner's trust account. That deposit represented the return of the balance of a security deposit posted by the Debtor at the inception of the arbitration.

10. On or about January 23, 2006, the total amount of the Debtor's funds remaining in the Budd Larner trust account ($102,653.49, inclusive of interest) was wired to MLBFS at Mellon Bank for credit to the Debtor's outstanding obligations.

11. The $302,653.49 received by MLBFS represented a payment by the Debtor to MLBFS during the 90-day period before the filing date of the Petition on account of an antecedent debt.

12. The payments set forth above constitute transfers of an interest of the Debtor in property:

    A. To or for the benefit of a creditor;

    B. For or on account of an antecedent debt owed by the Debtor before such transfer was made;

    C. Made while the Debtor was insolvent; and

    D. Made within ninety (90) days before the filing date.

13. The foregoing payments to defendant enabled defendant to receive more than it would receive if:

    A. The Debtor's case was a case under Chapter 7 of the Bankruptcy Code;

    B. The transfer had not been made; and

    C. The defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

  14. By reason of the foregoing, the payment is voidable by the Debtor pursuant to 11 U.S.C. § 547(b) and recoverable for the benefit of the Debtor's estate pursuant to 11 U.S.C. § 550(a).

  WHEREFORE, plaintiff seeks judgment against defendant as follows:

    A. For an Order avoiding the transfers to defendant described in paragraphs 7 – 10;

    B. For damages in the amount of the voidable payments to defendant, together with interest, costs of suit and reasonable attorneys' fees; and

    C. For such other and further relief as this Court deems just and proper.

          ROBERTSON FREILICH BRUNO & COHEN, LLC
          Attorneys for Benjamin A. Stanziale, Jr., Chapter 7 Trustee

          By: /s/James A. Scarpone
             JAMES A. SCARPONE, ESQ.

Dated: February 6, 2008

{00064370.DOC;1}

4