**ROBERTSON, FREILICH, BRUNO & COHEN, LLC**
James A. Scarpone, Esq. (JS-5403)
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
(973) 848-2100
Co-Counsel for Benjamin A. Stanziale, Jr., Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In re:** | **Bankruptcy Case No. 06-10889 (MS)** |
| **PITTRA G.B. INTERNATIONAL, INC.,** | **Chapter 7 Proceeding** |
| | **Honorable Morris Stern** |
| Debtor. | |

### CERTIFICATION OF BENJAMIN A. STANZIALE, JR., CHAPTER 7 TRUSTEE, IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT WITH MERRILL LYNCH COMMERCIAL FINANCE CORP., JPMORGAN CHASE, N.A., E. ROSS BROWNE, EMPRESAS LOURDES, S.A. AND JEFFREY A. LESTER, ESQ., TRUSTEE IN CHAPTER 7 FOR THE BANKRUPT ESTATE OF PAULETTE KRELMAN

Benjamin A. Stanziale, Jr., hereby certifies the following:

1.      I am attorney at law of the State of New Jersey and the Chapter 7 Trustee for the

Debtor, PITTRA G.B. International, Inc. ("PITTRA").

2.      I submit this Certification in support of a motion being brought by my attorneys

for approval of a settlement of claims between this estate and Merrill Lynch Commercial Finance

Corp., as assignee of the interest of Merrill Lynch Business Financial Services, Inc. ("Merrill"),

JPMorgan Chase Bank, N.A. ("Chase"), E. Ross Browne, a principal of the Debtor ("Browne"),

Empresas Lourdes, S.A., a PITTRA creditor that had instituted a fraudulent transfer action,

including claims against PITTRA principals ("Empresas Lourdes") and Jeffrey A. Lester,

Trustee in Chapter 7 for Paulette Krelman, another principal of the Debtor (the "Krelman

Trustee").

     3.     As this Court has previously been made aware the dominant feature of this

Chapter 7 proceeding has been the claims of fraud and fraudulent transfers made against the

Debtor, its successor and its principals by me in the Adversary Proceeding entitled, <u>Stanziale v.

Arthur Kupperman, et al.</u>, Case No.: 06-2702 (MS).  Further claims of fraud and fraudulent

transfers have been made against the Debtor and its principals by former suppliers to the Debtor,

the Debtor's secured lender, Merrill, and Chase, the bank that financed, and asserts a lien upon

the assets of PGB International, LLC, the successor to the Debtor's business.  Included among

the claims asserted against the Debtor's principals and its successor in interest were claims that

one or more of the Debtor's principals had counterfeited financial statements and opinion letters

from counsel to the Debtor and had grossly misrepresented the value of the Debtor's assets

which were pledged as collateral at different times to Merrill and the value of PGB's assets

which were pledged to Chase.

     4.     Immediately after the initial discovery by me and my counsel of certain clearly

fraudulent financial statements and other documents critical to the Debtor's business and its

dealings with its bankers, my counsel communicated this information to Merrill, the Debtor's

secured lender which was owed in excess of $4.0 mil. at that time and which held a lien on

virtually all of the Debtor's assets.  My counsel also brought this information to the attention of

Chase, which was providing financing of approximately $3.0 mil. at that time to an entity owned

by the same principals of the Debtor and which entity had essentially succeeded to the Debtor's

business.  Chase held a lien on the successor's accounts receivable, its most significant asset, and

it appeared that Chase had also been the recipient of significant false and misleading information.

5.      Merrill and Chase very quickly launched an intense collection effort through litigation filed in the District Court that, in a very practical if not technical legal sense, superseded the adversary proceeding that my counsel had filed in this Court.

6.      The Merrill and Chase collection efforts have now produced settlement agreements with two of the Debtor's three principals.

7.      With respect to Browne, one of the Debtor's three principals, the settlement agreement provides that in exchange for a payment of $600,000 Browne will receive releases from Merrill, Chase, Empresas Lourdes and me, as the PITTRA Trustee. The $600,000 has been received and is being held by my attorneys in their trust account pursuant to the terms of the settlement agreement.

8.      In a separate agreement, Paulette Krelman has agreed to pay $540,000, mostly from assets that might otherwise be exempt, to Jeffery A. Lester, her Chapter 7 bankruptcy trustee, for administration as part of her bankruptcy estate, it being understood that Merrill and Chase are the primary creditors of her estate. In consideration of Ms. Krelman's transfer of this major portion of her otherwise exempt assets to the estate, Merrill, Chase, Empresas Lourdes and I, as the PITTRA Trustee, have agreed not to object to the discharge of any claims against her and not to further object to any of her claimed exemptions. This part of the settlement has previously been submitted for approval by this Court and the Clerk filed a Certification of No Objection on July 2, 2008.

9.      With respect to the PITTRA estate, the settlement stipulation provides that this estate will receive $100,000 in full and final settlement of all the estate's claims against the

Debtor's successor, PGB International, Inc. and the Debtor's three principals, Paulette Krelman,

E. Ross Browne and Arthur Kupperman (who is not a party to this settlement). It is agreed that

Merrill and Chase will continue to pursue claims against Arthur Kupperman and that the

PITTRA estate will not share in any recoveries from Mr. Kupperman. The only claim that will

remain with the PITTRA estate will be the preference claim which has been filed against the

Debtor's former counsel, Budd Larner PC.

10.    I believe that this settlement is reasonable even though it represents less than 10%

of the funds already collected. I ask that this Court approve the settlement pursuant to Rule 9019

for the following reasons:

a.    The very substantial cost of investigating and suing the Debtor's principals

including obtaining writs of attachment and other extraordinary relief, has

been carried almost exclusively by Merrill and Chase.

b.    Merrill and Chase both appear to have had valid enforceable liens on

whatever assets the Debtor or its successor had. Recovery in the litigation

fairly appears to be no more than a recovery of Merrill and Chase's

collateral or the proceeds of their collateral.

c.    Continuing pursuit of further recovery from Arthur Kupperman will be

very costly to whomever undertakes it and based upon my independent

investigation, as well as the information provided to us Merrill and Chase,

such pursuit holds out little prospect of significant further recovery, that is,

recovery significantly in excess of the cost of such recovery for the estate.

And, here again, any such recovery would be subject to the lien claims of

Merrill and Chase, both of which are very substantial.

11.    It is my business judgment that this settlement represents a fair and reasonable

resolution of this estate's claims against the Debtor's successor and its principals, and that this

settlement is in the best interest of this estate.  Attached to this Certification are copies of:

Exhibit A-the Stipulation of Settlement and Mutual Release executed in the civil action entitled,

Merrill Lynch Business Financial Services, Inc. v. Arthur Kupperman, et al., Case No. 06-4802

(DMC); Exhibit B-the Notice of Settlement of Controversy and Certification of No Objection,

filed in the bankruptcy action entitled In re: Paulette Krelman, Case No.: 07-10121.

I hereby certify that the foregoing statements made by me are true to the best of

my knowledge and belief.  I am aware that if any of the foregoing statements made by me are

willfully false, I am subject to punishment.

By:    _____
                 Benjamin A. Stanziale, Jr., Esq.

Dated:  January _____, 2009

# EXHIBIT A

Case 06-10889-MS   Doc 63-1   Filed 01/09/09   Entered 01/09/09 16:43:19   Desc
Certification of Benjamin A. Stanziale   Jr.   Esq. in Support   Page 7 of 35
Case 2:06-cv-04802-DMC-MCA   Document 279   Filed 12/23/2008   Page 2 of 136

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC., | <u>CIVIL ACTION</u> |
| Plaintiff, | Civil Action No. 06-4802 (DMC) |
| v. | |
| ARTHUR KUPPERMAN, E. ROSS BROWNE, PAULETTE KRELMAN, PGB INTERNATIONAL, LLC, and JPMORGAN CHASE BANK, N.A., | |
| Defendants, | |
| and | |
| IFIG USA, INC., JOHN DOES (1-10) and ABC CORPORATIONS (1-10), | |
| Additionally Defendants on the Crossclaim. | |

## <u>STIPULATION OF SETTLEMENT AND MUTUAL RELEASE</u>

THIS STIPULATION (the "Stipulation") is made by and among Merrill Lynch Commercial Finance Corp. ("MLCFC"), as assignee of the interest of Merrill Lynch Business Financial Services Inc. ("MLBFS"), JPMorgan Chase Bank, N.A. ("Chase"), E. Ross Browne ("Browne"), Empresas Lourdes, S.A. ("Empresas") and Benjamin A. Stanziale, Jr., Chapter 7 Trustee for PITTRA G.B. International, Inc. (the "PITTRA Trustee" and, together with MLCFC, Chase, Empresas and Browne, the "Parties"), by and through their undersigned counsel, and is made with reference to the following facts:

WHEREAS, Browne was a shareholder, officer and director of PITTRA G.B. International, Inc. ("PITTRA"), and a member and officer of PGB International, LLC ("PGB"); and

WHEREAS, MLCFC made a loan to PITTRA (the "MLCFC Loan"); and

Case 06-10889-MS    Doc 63-1    Filed 01/09/09    Entered 01/09/09 16:43:19    Desc
Certification of Benjamin A. Stanziale    Jr.    Esq. in Support    Page 8 of 35
Case 2:06-cv-04802-DMC-MCA    Document 279    Filed 12/23/2008    Page 3 of 136

Page 2
Civil Action No. 06-4802 (DMC)

**Caption: MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC. v. ARTHUR KUPPERMAN, ET AL.**

**STIPULATION OF SETTLEMENT AND MUTUAL RELEASE**

WHEREAS, Browne executed two unconditional guaranties of the MLCFC Loan; and

WHEREAS, Chase made a loan to PGB (the "Chase Loan"); and

WHEREAS, Browne executed an unconditional guaranty of the Chase Loan; and

WHEREAS, PITTRA defaulted on its obligations to MLCFC under the MLCFC Loan, and PGB defaulted on its obligations to Chase under the Chase Loan; and

WHEREAS, by reason of PITTRA's default, MLCFC is owed not less than $4,035,716.92; and

WHEREAS, by reason of PGB's default, Chase is owed not less than $2,609,277.60; and

WHEREAS, on or about February 9, 2006, PITTRA filed a petition for relief under Chapter 7 of the Title 11 of the U.S. Code, as amended ("Bankruptcy Code") (PITTRA's bankruptcy case is hereinafter referred to as the "PITTRA Bankruptcy Case"); and

WHEREAS, Empresas is a judgment creditor of PITTRA and filed a proof of claim in the PITTRA Bankruptcy Case in the amount of $159,276.11 (the "Empresas Claim").

WHEREAS, on or about September 20, 2006, the PITTRA Trustee filed a lawsuit against Browne, among others, seeking to recover certain of PITTRA's assets that were allegedly improperly transferred, entitled Benjamin A. Stanziale, Jr., Chapter 7 Trustee for PITTRA G.B. International, Inc. v. Arthur Kupperman, et al., Adversary Proceeding No. 06-2702 (MS), as amended, pending in the United States Bankruptcy Court for the District of New Jersey (the "Adversary Proceeding"); and

WHEREAS, on or about October 5, 2006, MLCFC filed a lawsuit against Browne, among others, seeking to recover the amount due on the MLCFC Loan, entitled Merrill Lynch

Case 06-10889-MS    Doc 63-1    Filed 01/09/09    Entered 01/09/09 16:43:19    Desc
Certification of Benjamin A. Stanziale    Jr.    Esq. in Support    Page 9 of 35
Case 2:06-cv-04802-DMC-MCA    Document 279    Filed 12/23/2008    Page 4 of 136

Page 3

Civil Action No. 06-4802 (DMC)

**Caption: MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC. v. ARTHUR
KUPPERMAN, ET AL.**

STIPULATION OF SETTLEMENT AND MUTUAL RELEASE

---

Business Financial Services, Inc. v. Arthur Kupperman, et al., Civil Action No. 06-Civ-4802

(DMC), as amended, pending in the United States District Court for the District of New Jersey

(the "District Court Action"); and

WHEREAS, Chase filed cross-claims against Browne in the District Court Action

seeking to recover the amount due on the Chase Loan; and

WHEREAS, on or about October 19, 2006, Empresas commenced an action against

Browne and others, entitled Empresas Lourdes, S.A. v. Arthur Kupperman, et al., Civil Action

No. 06-5014 (DMC), pending in the United States District Court for the District of New Jersey

(the "Empresas Action"); and

WHEREAS, Browne has appeared in the Adversary Proceeding, in the Empresas Action

and in the District Court Action and has asserted defenses in each of those actions; and

WHEREAS, the Parties have agreed to fully and finally settle and resolve any and all

issues, claims and litigations between and among them that were or could have been asserted in

and/or are related to the PITTRA Bankruptcy Case, the Adversary Proceeding, the Empresas

Action and the District Court Action, on the terms set forth herein.

NOW THEREFORE, in consideration of the mutual promises and covenants set forth

herein, it is hereby stipulated and agreed to by the Parties as follows:

1.    Subject only to paragraph 4 hereof, Browne shall pay the sum of $600,000.00 in

good and immediately available funds (the "Settlement Amount") to the PITTRA Trustee, within

sixty (60) days of the execution of this Stipulation, time being of the essence, in full and final

settlement and satisfaction of all claims against him in the PITTRA Bankruptcy Case, the

Case 06-10889-MS    Doc 63-1    Filed 01/09/09    Entered 01/09/09 16:43:19    Desc
Certification of Benjamin A. Stanziale    Jr.    Esq. in Support    Page 10 of 35
Case 2:06-cv-04802-DMC-MCA    Document 279    Filed 12/23/2008    Page 5 of 136

Page 4

Civil Action No. 06-4802 (DMC)

**Caption: MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC. v. ARTHUR KUPPERMAN, ET AL.**

**STIPULATION OF SETTLEMENT AND MUTUAL RELEASE**

---

Adversary Proceeding, the Empresas Action and the District Court Action, except as otherwise set forth in this Stipulation. In the event that the Settlement Amount is not timely paid, MLCFC and/or Chase may at their sole and absolute discretion be entitled to jointly declare this Stipulation null and void without further notice of any kind, except that the release provided for in paragraph 10 of this Stipulation will survive and remain in force and effect.

2.    Upon the PITTRA Trustee's timely receipt of the Settlement Amount, or in connection with a closing or to otherwise allow the release of funds so that Browne may pay the Settlement Amount, the writs of attachment (the "Writs"), restraints and injunctions (collectively, the "Injunctions") issued in the District Court Action and the Empresas Action against Browne and/or his real and personal property shall be vacated, released and discharged of record simultaneously with any such receipt of the Settlement Amount and/or closing or release of funds to allow payment of the Settlement Amount. Upon the PITTRA Trustee's timely receipt of the Settlement Amount, the District Court Action, the Adversary Proceeding and the Empresas Action shall be dismissed with prejudice against Browne and without costs, albeit subject to reinstatement as set forth hereinafter.

3.    The PITTRA Trustee shall hold the Settlement Amount in trust in an interest bearing account until an order is entered by each of the District Court and the Bankruptcy Court approving this Stipulation and each of such Orders becomes final and non-appealable (collectively "Court Approval"). Upon Court Approval and payment in full of the Settlement Amount, the Settlement Amount shall be distributed as follows: $100,000.00 to the PITTRA Trustee, $303,650.00 to MLCFC, and $196,350.00 to Chase, with any partial payment on

Case 06-10889-MS    Doc 63-1    Filed 01/09/09    Entered 01/09/09 16:43:19    Desc
Certification of Benjamin A. Stanziale    Jr.    Esq. in Support    Page 11 of 35
Case 2:06-cv-04802-DMC-MCA    Document 279    Filed 12/23/2008    Page 6 of 136

Page 5

Civil Action No. 06-4802 (DMC)

**Caption:  MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC. v. ARTHUR KUPPERMAN, ET AL.**

**STIPULATION OF SETTLEMENT AND MUTUAL RELEASE**

account of the Settlement Amount to be paid to the PITTRA Trustee, MLCFC and Chase on a

*pari passu* basis in accordance with the proportions set forth in this sentence.  The PITTRA

Trustee does not need to wait for the entire Settlement Amount to be paid before making

distributions.    Any interest that accrues on the Settlement Amount shall be shared by the

PITTRA Trustee, MLCFC and Chase on the same *pari passu* basis.  Except for the PITTRA

Trustee, MLCFC and Chase, no other person or party shall be entitled to receive any portion of

the Settlement Amount.  A distribution shall be made on account of the Empresas Claim by the

PITTRA Trustee from the assets in the PITTRA bankruptcy estate and in accordance with the

priorities set forth in the Bankruptcy Code.  The PITTRA Trustee waives any rights to the

Settlement Amount pursuant to section 506(c) of the Bankruptcy Code.

     4.    This Stipulation is subject to, and conditioned upon (i) the entry of a final and

non-appealable order by the Bankruptcy Court in the PITTRA Bankruptcy approving this

Stipulation (the "Bankruptcy Court Approval") and (ii) the entry of a final, non-appealable Order

of the District Court approving this Stipulation (together with the Bankruptcy Court Approval,

the "Court Approval").  The Bankruptcy Court Approval shall be sought and obtained pursuant

to Bankruptcy Rule 9019 on notice to all parties in the Bankruptcy Case, as required by the

Bankruptcy Code and Rules, at the Trustee's sole cost and expense.  The Trustee shall provide

drafts of the papers seeking Bankruptcy Court Approval to counsel for each of the Parties for

their review and comment prior to submitting such papers to the Bankruptcy Court, and such

papers shall be in a form reasonably satisfactory to counsel for the Parties.  If, for any reason,

this Stipulation is not approved by the Bankruptcy Court or the District Court, this Stipulation

Case 06-10889-MS    Doc 63-1    Filed 01/09/09    Entered 01/09/09 16:43:19    Desc
Certification of Benjamin A. Stanziale    Jr.    Esq. in Support    Page 12 of 35
Case 2:06-cv-04802-DMC-MCA    Document 279    Filed 12/23/2008    Page 7 of 136

Page 6
Civil Action No. 06-4802 (DMC)

**Caption: MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC. v. ARTHUR
KUPPERMAN, ET AL.**

**STIPULATION OF SETTLEMENT AND MUTUAL RELEASE**

---

shall be deemed null and void and the Settlement Amount shall be immediately returned to

Browne, unless the Parties agree in writing otherwise.  The PITTRA Trustee agrees to use

diligent efforts to submit the Stipulation to the Bankruptcy Court for approval.

      5.      In the event that this Stipulation shall become null and void pursuant to paragraph

4 of this Stipulation, neither the terms and statements contained herein, nor any correspondence

between the Parties which was related to the negotiation, drafting or approval of this Stipulation,

shall be cited, argued or deemed to be an admission against any of the Parties.

      6.      The PITTRA Trustee, MLCFC and Chase have relied upon the representations

contained in the Affidavit of E. Ross Browne, attached hereto as **Exhibit A** (the "Browne

Affidavit"), and the Affidavit of Ardith Browne, attached hereto as **Exhibit B** (the "Spouse

Affidavit", and together with the Browne Affidavit, the "Affidavits") in executing this

Stipulation.  If a Court determines, upon notice of motion to Browne and his undersigned

counsel, that any representation contained in the Affidavits is materially false or materially

misleading then: (i) any and all terms, conditions or provisions of this Stipulation inuring to the

benefit of Browne and/or his representatives, agents, attorneys, servants, administrators, heirs,

executors, beneficiaries and assigns shall thereupon be null and void (and without limitation of

the foregoing, paragraph 9 of this Stipulation shall thereupon be null and void and paragraphs 17

and 18 of this Stipulation, to the extent that they inure to the benefit of Browne and/or his

representatives, agents, attorneys, servants, administrators, heirs, executors, beneficiaries and

assigns, shall also thereupon be null and void); (ii) Browne consents to the reinstatement of this

action, if and as necessary, and to the entry of judgment against him and in favor of MLCFC in

Case 06-10889-MS   Doc 63-1   Filed 01/09/09   Entered 01/09/09 16:43:19   Desc
Certification of Benjamin A. Stanziale   Jr.   Esq. in Support   Page 13 of 35
Case 2:06-cv-04802-DMC-MCA   Document 279   Filed 12/23/2008   Page 8 of 136
Page 7
Civil Action No. 06-4802 (DMC)

**Caption:  MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC. v. ARTHUR
KUPPERMAN, ET AL.**

**STIPULATION OF SETTLEMENT AND MUTUAL RELEASE**

---

the amount of $4,035,716.92, representing the principal amount owed to MLCFC, less any

amounts paid to MLCFC after execution of the Stipulation and in satisfaction of the MLCFC

Loan, plus interest at the rate of ten percent (10%) from the date of this Stipulation until the date

of entry of the judgment, plus all reasonable legal fees and costs incurred by MLCFC in

connection with the above-captioned action (the "MLCFC Judgment"), which MLCFC Judgment

is attached hereto as **Exhibit C**, and such MLCFC Judgment shall accrue interest at the rate of

ten percent (10%) per annum from the date of its entry; (iii) Browne consents to the

reinstatement of this action, if and as necessary, and to the entry of judgment against him and in

favor of Chase in the amount of $2,609,277.60, representing the principal amount owed to

Chase, less any amounts paid to Chase after execution of the Stipulation and in satisfaction of the

Chase Loan, plus interest at the rate of ten percent (10%) from the date of this Stipulation until

the date of entry of the judgment, plus all reasonable legal fees and costs incurred by Chase in

connection with the above-captioned action (the "Chase Judgment" and, together with the

MLCFC Judgment, the "Judgments"), which Chase Judgment is attached hereto as **Exhibit D**,

and such Chase Judgment shall accrue interest at the rate of ten percent (10%) per annum from

the date of its entry; (iv) MLCFC shall have the absolute and unconditional right to reinstate this

action, if and as necessary, and to seek to enter, file and enforce the MLCFC Judgment; (v)

Chase shall have the absolute and unconditional right to reinstate this action, if and as necessary,

and seek to enter, file and enforce the Chase Judgment; and (vi) the Settlement Amount shall not

be returned to Browne.  For purposes of this Stipulation, the terms "material" and "materially"

Case 06-10889-MS    Doc 63-1    Filed 01/09/09    Entered 01/09/09 16:43:19    Desc
Certification of Benjamin A. Stanziale    Jr.    Esq. in Support    Page 14 of 35
Case 2:06-cv-04802-DMC-MCA    Document 279    Filed 12/23/2008    Page 9 of 136

Page 8

Civil Action No. 06-4802 (DMC)

**Caption: MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC. v. ARTHUR KUPPERMAN, ET AL.**

**STIPULATION OF SETTLEMENT AND MUTUAL RELEASE**

---

when used with reference to real or personal property shall mean property with a fair market value in excess of $25,000.00.

7.    In the event that any representation contained in the Affidavits is materially false or materially misleading, and a Court enters the MLCFC Judgment and/or the Chase Judgment, both as provided in paragraph 6 of this Stipulation: (i) Browne shall be deemed to have waived, and shall waive to the fullest extent allowed and/or necessary, any and all defenses and objections to entry and enforcement of the Judgments, including, without limitation, any and all defenses created by the passage of time, including, but not limited to, statutes of limitation and laches; (ii) Browne shall be deemed to have waived, and shall waive, as to MLCFC and Chase, to the fullest extent allowed and/or necessary, any discharge that Browne obtains in any proceeding under Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), together with any and all defenses relating to any discharge that Browne obtains in any proceeding under the Bankruptcy Code; (iii) the claims of MLCFC and Chase upon which the Judgments are based shall be deemed nondischargeable pursuant to Bankruptcy Code sections 523(a)(2), (4) and (6); and (iv) any discharge that Browne obtains in any proceeding under the Bankruptcy Code shall thereupon be null and void as against any and all claims asserted by MLCFC and/or Chase in connection with or related to the Judgments.

8.    Any discharge that Browne obtains in any proceeding under the Bankruptcy Code is expressly subject to the provisions set forth in paragraphs 6 and 7 of this Stipulation.

9.    Upon Court Approval and upon written confirmation by the PITTRA Trustee that he has received the Settlement Amount in full, and except for the obligations created by or

Case 06-10889-MS    Doc 63-1    Filed 01/09/09    Entered 01/09/09 16:43:19    Desc
Certification of Benjamin A. Stanziale    Jr.    Esq. in Support    Page 15 of 35
Case 2:06-cv-04802-DMC-MCA    Document 279    Filed 12/23/2008    Page 10 of 136

Page 9
Civil Action No. 06-4802 (DMC)

**Caption:  MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC. v. ARTHUR
KUPPERMAN, ET AL.**

**STIPULATION OF SETTLEMENT AND MUTUAL RELEASE**

---

preserved in this Stipulation, the PITTRA Trustee, in his role as Chapter 7 Trustee of PITTRA's

bankruptcy estate, MLCFC, on behalf of itself and MLBFS, and Chase, for each of themselves

and their representatives, agents, employees, attorneys, servants, predecessors, successors,

affiliates, subsidiaries, divisions, parents, insurers, stockholders, shareholders, owners, partners,

officers, directors, insurers, administrators, heirs, executors, beneficiaries and assigns

(collectively, the "Creditor Releasors"), shall hereby release, acquit and forever discharge

Browne and Ardith Browne and their attorneys, administrators, heirs and executors, but in all

events excluding Arthur Kupperman ("Kupperman"), PGB, IFIG USA, Inc. ("IFIG"), Paulette

Krelman, Arthur Krelman, PGB International, Inc., G.B. International, Inc., Allied Trading

International Corp., Industrial Food Ingredients Group International, Inc., Biz Link, LLC, A.K.

Capital and any other entity controlled directly or indirectly by Kupperman (collectively, the

"Browne Releasees"), from all manner of actions, suits, proceedings, causes of action, claims,

debts, assessments, dues, losses, damages, judgments, executions, defaults, covenants, contracts,

controversies, agreements, promises, attorneys' fees, costs, expenses, accounts, bills, liabilities,

obligations, or demands of any kind whatsoever, whether foreseen or unforeseen, matured or

unmatured, known or unknown or hereafter discovered, accrued or not accrued, absolute or

contingent, liquidated or unliquidated, direct or indirect, in law or in equity, or arising under or

by virtue of any law, statute or regulation, including, without limitation, the Bankruptcy Code

and the Bankruptcy Rules, which the Creditor Releasors ever had, now have, or hereafter can,

shall or may have against the Browne Releasees, for, upon, or by reason of any matter, cause or

thing whatsoever up to the date of this Stipulation that were or could have been asserted in

Case 06-10889-MS    Doc 63-1    Filed 01/09/09    Entered 01/09/09 16:43:19    Desc
Certification of Benjamin A. Stanziale   Jr.   Esq. in Support   Page 16 of 35
Case 2:06-cv-04802-DMC-MCA    Document 279    Filed 12/23/2008    Page 11 of 136

Page 10

Civil Action No. 06-4802 (DMC)

**Caption:  MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC. v. ARTHUR KUPPERMAN, ET AL.**

**STIPULATION OF SETTLEMENT AND MUTUAL RELEASE**

---

and/or are in any way related to the Adversary Proceeding, the Empresas Action, the PITTRA

Bankruptcy Case and the District Court Action.  For the avoidance of doubt, nothing in this

paragraph is intended or shall be deemed to apply to any actions, suits, proceedings, causes of

action, claims, debts, assessments, dues, losses, damages, judgments, executions, defaults,

covenants, contracts, controversies, agreements, promises, attorneys' fees, costs, expenses,

accounts, bills, liabilities, obligations, or demands of the Creditor Releasors with respect to or

against Kupperman, PGB, IFIG, Paulette Krelman, Arthur Krelman, PGB International, Inc.,

G.B. International, Inc., Allied Trading International Corp., Industrial Food Ingredients Group

International, Inc., Biz Link, LLC, A.K. Capital and any other entity controlled directly or

indirectly by Kupperman, none of which shall, under any circumstances, be deemed to constitute

"Browne Releasees" within the meaning of this paragraph.

      10.    Upon Court Approval, and except for the obligations created by or preserved in

this Stipulation, Browne, for himself and his attorneys, administrators, heirs and executors (the

"Browne Releasors"), shall hereby release, acquit and forever discharge the PITTRA Trustee, in

his role as Chapter 7 Trustee of PITTRA's bankruptcy estate, MLCFC, on behalf of itself and

MLBFS, and Chase, and their representatives, agents, employees, attorneys, servants,

predecessors, successors, affiliates, subsidiaries, divisions, parents, insurers, stockholders,

shareholders, owners, partners, officers, directors, insurers, administrators, heirs, executors,

beneficiaries and assigns (the "Creditor Releasees") from all manner of actions, suits,

proceedings, causes of action, claims, debts, assessments, dues, losses, damages, judgments,

executions, defaults, covenants, contracts, controversies, agreements, promises, attorneys' fees,

Case 06-10889-MS    Doc 63-1    Filed 01/09/09    Entered 01/09/09 16:43:19    Desc
Certification of Benjamin A. Stanziale  Jr.  Esq. in Support    Page 17 of 35
Case 2:06-cv-04802-DMC-MCA    Document 279    Filed 12/23/2008    Page 12 of 136

Page 11

Civil Action No. 06-4802 (DMC)

**Caption: MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC. v. ARTHUR KUPPERMAN, ET AL.**

**STIPULATION OF SETTLEMENT AND MUTUAL RELEASE**

---

costs, expenses, accounts, bills, liabilities, obligations, or demands of any kind whatsoever, whether foreseen or unforeseen, matured or unmatured, known or unknown or hereafter discovered, accrued or not accrued, absolute or contingent, liquidated or unliquidated, direct or indirect, in law or in equity, or arising under or by virtue of any law, statute or regulation, including, without limitation, the Bankruptcy Code and the Bankruptcy Rules, which the Browne Releasors ever had, now have, or hereafter can, shall or may have against the Creditor Releasees, for, upon, or by reason of any matter, cause or thing whatsoever up to the date of this Stipulation that were or could have been asserted in and/or are in any way related to the Adversary Proceeding, the Empresas Action, the PITTRA Bankruptcy Case and the District Court Action. If this Stipulation is rescinded, canceled, annulled and/or rendered null and void pursuant to paragraph 6 hereof, the release set forth in this section, and all other provisions in favor of MLCFC and Chase, shall survive any such rescission, cancellation, annulment or other nullification and shall remain in full force and effect.

11.    Upon Court Approval, the PITTRA Trustee, in his role as Chapter 7 Trustee of PITTRA's bankruptcy estate, shall hereby release, acquit and forever discharge, MLCFC, on behalf of itself and MLBFS, and Chase, and their representatives, agents, employees, attorneys, servants, predecessors, successors, affiliates, subsidiaries, divisions, parents, insurers, stockholders, shareholders, owners, partners, officers, directors, insurers, administrators, heirs, executors, beneficiaries and assigns (the "Bank Releasees") from all manner of actions, suits, proceedings, causes of action, claims, debts, assessments, dues, losses, damages, judgments, executions, defaults, covenants, contracts, controversies, agreements, promises, attorneys' fees,

Case 06-10889-MS   Doc 63-1   Filed 01/09/09   Entered 01/09/09 16:43:19   Desc
Certification of Benjamin A. Stanziale   Jr.   Esq. in Support   Page 18 of 35
Case 2:06-cv-04802-DMC-MCA · Document 279   Filed 12/23/2008   Page 13 of 136

Page 12

Civil Action No. 06-4802 (DMC)

**Caption: MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC. v. ARTHUR
KUPPERMAN, ET AL.**

**STIPULATION OF SETTLEMENT AND MUTUAL RELEASE**

---

costs, expenses, accounts, bills, liabilities, obligations, or demands of any kind whatsoever,

whether foreseen or unforeseen, matured or unmatured, known or unknown or hereafter

discovered, accrued or not accrued, absolute or contingent, liquidated or unliquidated, direct or

indirect, in law or in equity, or arising under or by virtue of any law, statute or regulation,

including, without limitation, the Bankruptcy Code and the Bankruptcy Rules, which the

PITTRA Trustee ever had, now has, or hereafter can, shall or may have against the Bank

Releasees, for, upon, or by reason of any matter, cause or thing whatsoever up to the date of this

Stipulation.

12.     Upon Court Approval, upon the Trustee's compliance with his obligations under

this Stipulation and except for the obligations created by or preserved in this Stipulation,

MLCFC and Chase, and their representatives, agents, employees, attorneys, servants,

predecessors, successors, affiliates, subsidiaries, divisions, parents, insurers, stockholders,

shareholders, owners, partners, officers, directors, insurers, administrators, heirs, executors,

beneficiaries and assigns (the "Bank Releasors") shall hereby release, acquit and forever

discharge, the PITTRA Trustee, in his role as Chapter 7 Trustee of PITTRA's bankruptcy estate,

from all manner of actions, suits, proceedings, causes of action, claims, debts, assessments, dues,

losses, damages, judgments, executions, defaults, covenants, contracts, controversies,

agreements, promises, attorneys' fees, costs, expenses, accounts, bills, liabilities, obligations, or

demands of any kind whatsoever, whether foreseen or unforeseen, matured or unmatured, known

or unknown or hereafter discovered, accrued or not accrued, absolute or contingent, liquidated or

unliquidated, direct or indirect, in law or in equity, or arising under or by virtue of any law,

Case 06-10889-MS    Doc 63-1    Filed 01/09/09    Entered 01/09/09 16:43:19    Desc
Certification of Benjamin A. Stanziale    Jr.    Esq. in Support    Page 19 of 35
Case 2:06-cv-04802-DMC-MCA    Document 279    Filed 12/23/2008    Page 14 of 136

Page 13

Civil Action No. 06-4802 (DMC)

**Caption: MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC. v. ARTHUR KUPPERMAN, ET AL.**

STIPULATION OF SETTLEMENT AND MUTUAL RELEASE

---

statute or regulation, including, without limitation, the Bankruptcy Code and the Bankruptcy

Rules, which the Bank Releasors ever had, now have, or hereafter can, shall or may have against

the PITTRA Trustee, in his role as Chapter 7 Trustee of PITTRA's bankruptcy estate, for, upon,

or by reason of any matter, cause or thing whatsoever up to the date of this Stipulation. In

addition, MLCFC waives any further claims against the PITTRA estate and shall withdraw with

prejudice the proof of claim it filed in the PITTRA Bankruptcy Case.

13.    Browne shall cooperate with MLCFC and Chase in connection with MLCFC's

and Chase's claims against Kupperman, PGB, IFIG, Paulette Krelman, Arthur Krelman, PGB

International, Inc., G.B. International, Inc., Allied Trading International Corp., Industrial Food

Ingredients Group International, Inc., Biz Link, LLC, A.K. Capital and any other entity

controlled directly or indirectly by Kupperman. This cooperation shall include responding to

discovery requests, both formal and informal, providing depositions under oath, providing

affidavits, attending court proceedings and complying with similar requests. Browne shall also

inform MLCFC and Chase of any and all assets of Kupperman, PGB, IFIG, Paulette Krelman,

Arthur Krelman, PGB International, Inc., G.B. International, Inc., Allied Trading International

Corp., Industrial Food Ingredients Group International, Inc., Biz Link, LLC, A.K. Capital and

any other entity controlled directly or indirectly by Kupperman of which Browne is aware and

which were not: (i) previously disclosed during depositions or through documents produced in

discovery in this action; or (ii) disclosed by Browne in writing or through his deposition in this

action, including the deposition taken on November 5, 2008, and Browne shall supplement this

information if he subsequently learns the location of any assets. Browne's obligation to

Case 06-10889-MS    Doc 63-1    Filed 01/09/09    Entered 01/09/09 16:43:19    Desc
Certification of Benjamin A. Stanziale    Jr.    Esq. in Support    Page 20 of 35
Case 2:06-cv-04802-DMC-MCA    Document 279    Filed 12/23/2008    Page 15 of 136

Page 14

Civil Action No. 06-4802 (DMC)

**Caption:  MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC. v. ARTHUR
KUPPERMAN, ET AL.**

**STIPULATION OF SETTLEMENT AND MUTUAL RELEASE**

---

cooperate with MLCFC and Chase and to identify the location of any and all assets of

Kupperman, PGB, IFIG, Paulette Krelman, Arthur Krelman, PGB International, Inc., G.B.

International, Inc., Allied Trading International Corp., Industrial Food Ingredients Group

International, Inc., Biz Link, LLC, A.K. Capital and any other entity controlled directly or

indirectly by Kupperman shall be ongoing.    Browne shall not assert the Fifth Amendment

Privilege against self-incrimination in connection with any request for cooperation.    In

connection with any request for cooperation, MLCFC and Chase shall reimburse Browne for the

reasonable out-of-pocket expenses actually incurred in responding to such request and for which

Browne provides verification, provided that any such reimbursable out-of-pocket expenses shall

not include any attorneys' fees, costs or lost earnings incurred by or on behalf of Browne.    If

Browne fails to cooperate, then MLCFC and/or Chase may seek a court order to compel

cooperation and Browne shall be liable to MLCFC and Chase for any attorney fees incurred in

compelling his cooperation.    If Browne fails to disclose the location of any material assets of

which he has knowledge of Kupperman, PGB, IFIG, Paulette Krelman, Arthur Krelman, PGB

International, Inc., G.B. International, Inc., Allied Trading International Corp., Industrial Food

Ingredients Group International, Inc., Biz Link, LLC, A.K. Capital and any other entity

controlled directly or indirectly by Kupperman, then Browne shall be liable to MLCFC and

Chase to the extent of the fair market value of the asset or assets he fails to disclose.

14.    In the event that Browne shall (i) file a petition with any bankruptcy court of

competent jurisdiction or be the subject of any petition under the Bankruptcy Code, (ii) be the

subject of any order for relief issued under the Bankruptcy Code, (iii) file or be the subject of any

Case 06-10889-MS    Doc 63-1    Filed 01/09/09    Entered 01/09/09 16:43:19    Desc
Certification of Benjamin A. Stanziale    Jr.    Esq. in Support    Page 21 of 35
Case 2:06-cv-04802-DMC-MCA    Document 279    Filed 12/23/2008    Page 16 of 136
Page 15

Civil Action No. 06-4802 (DMC)

**Caption:  MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC. v. ARTHUR
KUPPERMAN, ET AL.**

**STIPULATION OF SETTLEMENT AND MUTUAL RELEASE**

---

petition seeking any reorganization, arrangement, composition, readjustment, liquidation,

dissolution, or similar relief under any present or future federal or state act or law relating to

bankruptcy, insolvency, or other relief for debtors (including, without limitation, an assignment

for the benefit of creditors), (iv) have sought or consented to or acquiesced in the appointment of

any trustee, receiver, conservator, or liquidator, or (v) be the subject of any order, judgment, or

decree entered by any court of competent jurisdiction approving a petition filed against Browne

for any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or

similar relief under any present or future federal or state act or law relating to bankruptcy,

insolvency, or relief for debtors, which in each case shall not be dismissed within sixty (60) days,

then (A) MLCFC and Chase, individually or together, shall be entitled to, and Browne shall

irrevocably consent to, relief from any automatic stay imposed by Section 362 of the Bankruptcy

Code, or otherwise, on or against the exercise of the rights and remedies otherwise available to

MLCFC and Chase as provided herein or with respect to the Judgments or as otherwise provided

by law, and Browne shall irrevocably waive any right to object to such relief and shall

acknowledge that no reorganization in bankruptcy is feasible; (B) Browne and shall waive his

exclusive right pursuant to Section 1121(b) of the Bankruptcy Code to file a plan of

reorganization and shall irrevocably consent that MLCFC and/or Chase may file a plan

immediately upon the entry of an order for relief if an involuntary petition is filed against

Browne or upon the filing of a voluntary petition by Browne; (C) in the event that MLCFC

and/or Chase shall move pursuant to Section 1121(d) of the Bankruptcy Code for an order

Case 06-10889-MS    Doc 63-1    Filed 01/09/09    Entered 01/09/09 16:43:19    Desc
Certification of Benjamin A. Stanziale    Jr.    Esq. in Support    Page 22 of 35
Case 2:06-cv-04802-DMC-MCA    Document 279    Filed 12/23/2008    Page 17 of 136

Page 16

Civil Action No. 06-4802 (DMC)

**Caption:  MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC. v. ARTHUR KUPPERMAN, ET AL.**

**STIPULATION OF SETTLEMENT AND MUTUAL RELEASE**

---

reducing the 120-day exclusive period, Browne shall not object to any such motion; and (D) this Stipulation shall remain in full force and effect.

15.    If upon the occurrence of any one of the events set forth in (i) through (v) in paragraph 14, a trustee, assignee, Browne as debtor-in-possession or any other party obtains a final, non-appealable judgment that avoids, sets aside and/or allows that party to recover any portion of the payment of the Settlement Amount as a preferential transfer, fraudulent conveyance or transfer, or for any other reason, then any and all terms, conditions or provisions of this Stipulation inuring to the benefit of Browne and/or each of his representatives, agents, attorneys, servants, administrators, heirs, executors, beneficiaries and assigns shall thereupon be null and void (and without limitation of the foregoing, paragraph 9 of this Stipulation shall thereupon be null and void and paragraphs 17 and 18 of this Stipulation, to the extent that they inure to the benefit of Browne and/or each of his representatives, agents, attorneys, servants, administrators, heirs, executors, beneficiaries and assigns, shall also thereupon be null and void), and MLCFC and Chase, individually, may assert their entire claim against Browne in such proceeding.

16.    Upon execution of this Stipulation, Browne and the PITTRA Trustee shall withdraw with prejudice the proofs of claim they filed in the bankruptcy case of debtor Paulette Krelman, case number 07-10101, pending in the United States Bankruptcy Court for the District of New Jersey.

17.    This Stipulation shall be binding upon, and inure to the benefit of the Parties and their respective successors and assigns.  Nothing in this Stipulation, express or implied, is

Case 06-10889-MS    Doc 63-1    Filed 01/09/09    Entered 01/09/09 16:43:19    Desc
Certification of Benjamin A. Stanziale    Jr.    Esq. in Support    Page 23 of 35
Case 2:06-cv-04802-DMC-MCA    Document 279    Filed 12/23/2008    Page 18 of 136
Page 17

Civil Action No. 06-4802 (DMC)

Caption:  MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC. v. ARTHUR
KUPPERMAN, ET AL.

STIPULATION OF SETTLEMENT AND MUTUAL RELEASE

---

intended to confer upon any person or entity other than the Parties or the respective successors

and assigns, any rights or benefits under or by reason of this Stipulation.  This Stipulation is not

intended to inure to the benefit of, and shall not inure to the benefit of, Kupperman, PGB, IFIG,

Paulette Krelman, Arthur Krelman, PGB International, Inc., G.B. International, Inc., Allied

Trading International Corp., Ingredients Group International, Inc., Biz Link, LLC, A.K. Capital

and any other entity controlled directly or indirectly by Kupperman and, accordingly, nothing

contained in this Stipulation (including but not limited to any release described in paragraph 9 of

this Stipulation) shall be construed to inure to their benefit in any way.

18.    Except as expressly set forth herein, this Stipulation represents and contains the

entire agreement and understanding among the Parties with respect to the subject matter of this

Stipulation, and supersedes any and all prior oral and written agreements and understandings,

and no representation, warranty, condition, understanding or agreement of any kind with respect

to the subject matter hereof shall be relied upon by the Parties unless incorporated herein.  This

Stipulation may not be amended or modified except by an agreement in writing signed by each

of the Parties.

19.    The terms of this Stipulation are contractual and not a mere recital.

20.    Each of the Parties shall pay his, her or its own expenses, including legal fees,

incurred in the negotiation and documentation of the settlement memorialized in this Stipulation,

except that if this Stipulation of Settlement shall become null and void for any reason, Browne

shall be liable for legal fees and costs incurred by MLCFC and Chase, including the sums

incurred in the negotiation and documentation of the settlement memorialized in this Stipulation.

Case 06-10889-MS    Doc 63-1    Filed 01/09/09    Entered 01/09/09 16:43:19    Desc
Certification of Benjamin A. Stanziale    Jr.    Esq. in Support    Page 24 of 35
Case 2:06-cv-04802-DMC-MCA    Document 279    Filed 12/23/2008    Page 19 of 136
Page 18

Civil Action No. 06-4802 (DMC)

**Caption: MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC. v. ARTHUR KUPPERMAN, ET AL.**

**STIPULATION OF SETTLEMENT AND MUTUAL RELEASE**

---

21.    Each of the Parties represent and acknowledge that they have full authority to execute this Stipulation, have completely read this Stipulation, have been provided with a reasonable period of time to review this Stipulation with legal counsel, and understand its terms and voluntarily accept same of their own choice.

22.    Except as expressly set forth herein, the Parties further represent and acknowledge that in entering into this Stipulation they are relying entirely upon their own judgment, beliefs and interests and, where applicable, the advice of their counsel and that they do not rely and have not relied upon a representation or statement made by any other of the Parties or any of their agents, representatives or attorneys, with regard to the subject matter, basis or effect of this Stipulation.

23.    Each of the Parties and their counsel have reviewed this Stipulation and, accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Stipulation.

24.    This Court shall retain non-exclusive jurisdiction to enter the Judgments and to hear and determine any and all matters related to the Judgments and any and all disputes, controversies, claims or other matters arising under or otherwise relating to this Stipulation, including any breach by Browne of any term or condition of this Stipulation.

25.    This Stipulation shall be interpreted and construed in accordance with, and governed by, the laws of the State of New Jersey without regard to conflict of law principals.

26.    This Stipulation may be executed in counterparts, and when all counterparts have been executed, each executed counterpart shall have the force and effect of the original.

Case 06-10889-MS    Doc 63-1    Filed 01/09/09    Entered 01/09/09 16:43:19    Desc
Certification of Benjamin A. Stanziale    Jr.    Esq. in Support    Page 25 of 35
Case 2:06-cv-04802-DMC-MCA    Document 279    Filed 12/23/2008    Page 20 of 136

**Page 19**

Civil Action No. 06-4802 (DMC)

**Caption: MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC. v. ARTHUR KUPPERMAN, ET AL.**

**STIPULATION OF SETTLEMENT AND MUTUAL RELEASE**

IN WITNESS WHEREOF, the parties have executed this Stipulation.

E. Ross Browne                                             Dated: _____11/5_____, 2008

STATE OF NEW JERSEY    )
                                        )ss.:
COUNTY OF                      )

On the __5__ day of November __, 2008, before me personally came E. Ross Browne, to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that he executed the same as his voluntary act and deed.

_____
Notary Public

**VALERIE NOLAN
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES MARCH 9, 2009**

Case 06-10889-MS    Doc 63-1    Filed 01/09/09    Entered 01/09/09 16:43:19    Desc
Certification of Benjamin A. Stanziale    Jr.    Esq. in Support    Page 26 of 35
Case 2:06-cv-04802-DMC-MCA    Document 279    Filed 12/23/2008    Page 21 of 136

Page 20

Civil Action No. 06-4802 (DMC)

**Caption:  MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC. v. ARTHUR
KUPPERMAN, ET AL.**

**STIPULATION OF SETTLEMENT AND MUTUAL RELEASE**

---

Ardith Browne

As to paragraphs 6 and 7 only

Dated: _____, 2008

STATE OF NEW JERSEY    )
                       )ss.:
COUNTY OF              )

    On the _5_ day of November __, 2008, before me personally came Ardith Browne, to
me known to be the individual described in and who executed the foregoing instrument, and
acknowledged that he executed the same as his voluntary act and deed.

Notary Public

**VALERIE NOLAN
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES MARCH 9, 2009**

Case 06-10889-MS    Doc 63-1    Filed 01/09/09    Entered 01/09/09 16:43:19    Desc
Certification of Benjamin A. Stanziale    Jr.    Esq. in Support    Page 27 of 35
Case 2:06-cv-04802-DMC-MCA    Document 279    Filed 12/23/2008    Page 22 of 136

Page 21
Civil Action No. 06-4802 (DMC)

**Caption:  MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC. v. ARTHUR
KUPPERMAN, ET AL.**

**STIPULATION OF SETTLEMENT AND MUTUAL RELEASE**

Benjamin A. Stanziale, Jr., Chapter 7 Trustee                Dated: 12/3 , 2008

STATE OF NEW JERSEY     )
                        )ss.:
COUNTY OF               )

On the 3 day of December, 2008, before me personally came Benjamin A.
Stanziale, Jr., Chapter 7 Trustee, to me known to be the individual described in and who
executed the foregoing instrument, and acknowledged that he executed the same as his voluntary
act and deed.

Notary Public

LOIS M. REICHERT
A Notary Public of New Jersey
My Commission Expires 11/19/2012

Case 06-10889-MS    Doc 63-1    Filed 01/09/09    Entered 01/09/09 16:43:19    Desc
Certification of Benjamin A. Stanziale   Jr.   Esq. in Support    Page 28 of 35
Case 2:06-cv-04802-DMC-MCA    Document 279    Filed 12/23/2008    Page 23 of 136

Page 22
Civil Action No. 06-4802 (DMC)

**Caption: MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC. v. ARTHUR KUPPERMAN, ET AL.**

**STIPULATION OF SETTLEMENT AND MUTUAL RELEASE**

---

JPMORGAN CHASE BANK, N.A.

By: _____

　　Robert A. Kuhn, Managing Director

Dated: November 14, 2008

STATE OF NEW YORK　　)
　　　　　　　　　　　　)ss.:
COUNTY OF NEW YORK　)

　　On the 14th day of November in the year 2008, before me personally came Robert A. Kuhn, to me known, who, being by me duly sworn, did depose and say that he is the Managing Director of JPMorgan Chase Bank, N.A., and that he signed his name thereto by virtue of authority from the Board of Directors of said National Association as the voluntary act and deed of said National Association.

```
JO ANNE C BARNES
Notary Public - State of New York
NO. 01BA6182670
Qualified in Dutchess County
My Commission Expires March 3, 20__
```

_____
　　　　Notary Public

Case 06-10889-MS    Doc 63-1    Filed 01/09/09    Entered 01/09/09 16:43:19    Desc
Certification of Benjamin A. Stanziale   Jr.   Esq. in Support    Page 29 of 35
Case 2:06-cv-04802-DMC-MCA    Document 279    Filed 12/23/2008    Page 24 of 136

Page 23

Civil Action No. 06-4802 (DMC)

Caption:  MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC. v. ARTHUR KUPPERMAN, ET AL.

## STIPULATION OF SETTLEMENT AND MUTUAL RELEASE

MERRILL LYNCH COMMERCIAL FINANCE CORP.

By: _Carl L. Bird_                         Dated: _NOVEMBER 14_, 2008

STATE OF _Illinois_    )
                       )ss.:
COUNTY OF _Cook_       )

On the _14th_ day of November __, 2008, before me personally came _Carl L. Bird_ to me known, who, being by me duly sworn, did depose and say that he is the _V.P._ of Merrill Lynch Commercial Finance Corp., as assignee of the interest of Merrill Lynch Business Financial Services Inc., and that he signed his name thereto by virtue of authority from the Board of Directors of said corporation as the voluntary act and deed of said corporation.

_____
Notary Public

OFFICIAL SEAL
MARLANA SANCHEZ-ZARINANA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/15/10

Case 06-10889-MS    Doc 63-1    Filed 01/09/09    Entered 01/09/09 16:43:19    Desc
Certification of Benjamin A. Stanziale    Jr.    Esq. in Support    Page 30 of 35
Case 2:06-cv-04802-DMC-MCA    Document 279    Filed 12/23/2008    Page 25 of 136

Page 24
Civil Action No. 06-4802 (DMC)

**Caption:  MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC. v. ARTHUR
KUPPERMAN, ET AL.**

**STIPULATION OF SETTLEMENT AND MUTUAL RELEASE**

---

EMPRESAS LOURDES, S.A.

By: x _John P. Gleason_                    Dated: _December 1_, 2008
_Its Authorized Agent_

STATE OF _New York_        )
                                           )ss.:
COUNTY OF _New York_       )

    On the _1st_ day of ~~November~~ _December_ __, 2008, before me personally came _John P. Gleason_ to
me known, who, being by me duly sworn, did depose and say that he is the _Authorized Agent_ of
Empresas Lourdes, S.A., and that he signed his name thereto by virtue of authority from the
Board of Directors of said corporation as the voluntary act and deed of said corporation.

                                 Notary Public

                                   FERNANDO O. KOATZ
                            Notary Public, State of New York
                                 No. 4956693
                           Qualified in Queens County
                     Commission Expires _18-02-09_

Case 06-10889-MS    Doc 63-1    Filed 01/09/09    Entered 01/09/09 16:43:19    Desc
Certification of Benjamin A. Stanziale   Jr.   Esq. in Support    Page 31 of 35
Case 2:06-cv-04802-DMC-MCA    Document 279    Filed 12/23/2008    Page 26 of 136

**Page 25**
**Civil Action No. 06-4802 (DMC)**

**Caption:  MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC. v. ARTHUR
KUPPERMAN, ET AL.**

**STIPULATION OF SETTLEMENT AND MUTUAL RELEASE**

This stipulation so ordered this _____ day of _____, 20_____.


_____
Hon. Dennis M. Cavanaugh, U.S.D.J.

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

TO: JAMES J. WALDRON, CLERK       CASE NO.    <u>07-10121</u>
                                             IN RE:    <u>Paulette Krelman</u>
                                   CHAPTER 7

## INFORMATION FOR NOTICE OF SETTLEMENT OF CONTROVERSY

JEFFREY A. LESTER, Trustee (#33) proposes to settle an action, the nature of which is described below.

If any creditor or other party in interest has an objection to the settlement, the objection and a request for a hearing on such application shall be in writing, served upon the person named below and filed with the Clerk of the United States Bankruptcy Court.

Such objection and request shall be filed with the Clerk and served upon the trustee no later than (**date to be supplied by Clerk**).

In the event an objection is timely filed a hearing thereon will be held on (**time and place to be supplied by court**).

If no objection is filed with the Clerk and served upon the trustee on or before                  , the settlement will be consummated as proposed on      .

**The nature of the action and the terms of the settlement are as follows:**

| NATURE OF THE ACTION | PERTINENT TERMS OF THE SETTLEMENT |
|---|---|
| Trustee has claim against debtor for delivery of value of property in excess of allowed exemptions. Property at issue is debtor's interest in the Paulette Krelman Trust which has an estimated value value of about $800,000. | Trustee will receive the sum of $540,000 in full consideration of the claim. Trustee will not raise an objection to claimed exemption in the Trust nor object to discharge. Further, Creditors JP Chase Morgan Chase Bank and Merrill Lynch Business Financial Services agree not to raise any objection to claimed exemption in the trust nor object to discharge or dischargeability of the obligations owed to them. Remedies upon default are set forth in a separate agreement among that parties. |

Requests for information about the nature of the action or the terms of the settlement should be directed to:
    Jeffrey A. Lester, 374 Main Street, Hackensack, New Jersey 07601

SUBMITTED BY: <u>*/s/Jeffrey A. Lester*</u>   POSITION:   <u>TRUSTEE</u>   PHONE:   <u>(201) 487-5544</u>
                Jeffrey A. Lester
                FOR CLERK'S OFFICE USE ONLY:

LINES 134 - 157
TYPE OF TASK:    <u>11</u>
Form #   <u>BL</u>   Statement   <u>SET</u>

NJ LOCAL FORM

Form 161 − ntcsatlcon

# UNITED STATES BANKRUPTCY COURT

District of New Jersey
MLK Jr Federal Building
50 Walnut Street
Newark, NJ 07102

Case No.: 07−10121−MS
Chapter: 7
Judge: Morris Stern

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Paulette Krelman
43 Hampshire Drive
Mendham, NJ 07945

Social Security No.:
xxx−xx−1576

Employer's Tax I.D. No.:

## NOTICE OF PROPOSED SETTLEMENT OF CONTROVERSY

Jeffrey Lester, Trustee in the above captioned case, proposes to settle an action, the nature of which is described below.

If any creditor or other party in interest has an objection to the settlement, the objection and a request for a hearing on such objection shall be in writing, served upon the person named below and filed with the Clerk of the United States Bankruptcy Court.

Such objection and request shall be filed with the Clerk and served upon the person named below no later than June 30, 2008.

In the event an objection is timely filed a hearing thereon will be held before the Honorable Morris Stern on:

DATE:            7/7/08
TIME:            12:00PM
COURTROOM:       3A

If no objection is filed with the Clerk and served upon the person named below on or before June 30, 2008, the settlement will be consummated as proposed on or after the fifth day following the last day to file objections.

The nature of the action and the terms of the settlement are as follows:

Nature of the Action:

Trustee has claim against debtor for delivery of value of property in excess of allowed exemptions. Property at issue is debtor?s interest in the Paulette Krelman Trust which has an estimated value value of about $800,000.

Terms of the Settlement:

Trustee will receive the sum of $540,000
in full consideration of the claim.
Trustee will not raise an objection to
claimed exemption in the Trust nor object
to discharge. Further, Creditors JP Chase
Morgan Chase Bank and Merrill Lynch
Business Financial Services agree not
to raise any objection to claimed
exemption in the trust nor object to
discharge or dischrageability of the
obligations owed to them. Remedies upon
default are set forth in a separate
agreement among that parties.

Requests for information about the nature of the action or the terms of the settlement should be directed to the
Trustee at:
Jeffrey Lester
Braverman & Lester
374 Main St.
Hackensack, NJ 07601−5897
(201) 487−5544

or the trustee's attorney (if applicable) at:
Jeffrey Lester
Braverman & Lester
374 Main St.
Hackensack, NJ 07601−5897
(201) 487−5544

Dated: June 10, 2008
JJW:

James J. Waldron
Clerk